IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY eg D.C.
05 DEC 22 PM 1:24
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

NATASHA T. ANDERSON, et al.,

Plaintiffs,

vs. No. 04-2548-D/An

RITA JONES, et al.,

Defendants.

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiffs Natasha T. Anderson and Shirelle Humphreys filed a pro se civil complaint on July 19, 2004, along with motions seeking leave to proceed in forma pauperis. Because the in forma pauperis motions filed by each plaintiff did not adequately document monthly income, assets, and financial obligations, the Court issued an order on November 10, 2004 directing the plaintiffs, within thirty days, to file properly completed in forma pauperis affidavits or remit the $150 civil filing fee. Plaintiff Anderson filed an in forma pauperis affidavit on December 6, 2004, but plaintiff Humphreys failed to respond to the order. The Court issued an order on January 26, 2005 granting plaintiff Anderson's motion for leave to proceed in forma pauperis and directing plaintiff Humphreys, for the second time, to submit a properly filed in forma pauperis affidavit or pay the $150 civil filing fee.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-23-05

10

The order stated that "[f]ailure to timely comply with this order will result in dismissal of this action with respect to plaintiff Humphreys only, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." 01/26/05 Order at 2. As plaintiff Humphreys did not respond to either order, the Court DISMISSES the complaint with respect to plaintiff Humphreys, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. The Clerk shall record the defendants as Dillards, Inc.; Officer Goode; and Rita Jones.

Plaintiff Anderson filed an amended complaint on June 9, 2005, as she is entitled to do as a matter of right.

It is ORDERED that the Clerk shall issue process for the defendants and deliver said process to the marshal for service. A copy of this order shall be served on the defendants along with the summons and complaint. Service shall be made on Dillards, Inc. pursuant to Fed. R. Civ. P. 4(h)(1). Service shall be made on the individual defendants, pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.[1]

IT IS SO ORDERED this 21 day of December, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[1] This Court is fully aware that no defendant has been served with process within 120 days of the filing of the complaint. Any defendant who contemplates the filing of a motion to dismiss pursuant to Fed. R. Civ. P. 4(m) should be aware that the Rule authorizes the Court to extend the time for service "if the plaintiff shows good cause for the failure." Here, any delays were not attributable to plaintiff Anderson.

> 28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding in forma pauperis. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). It is the practice of this Court to screen all *pro se* complaints, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and no summonses will issue until that screening has been completed. Local Rule 83.7(a)(2). Under these circumstances, the plaintiff has demonstrated good cause for the failure to serve the defendants. Id.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-02548 was distributed by fax, mail, or direct printing on December 23, 2005 to the parties listed.

---

Natasha T. Anderson
6670 Red Birch Drive
Memphis, TN 38115

Shirelle Humphreys
1864 Eagleshore Drive
Cordova, TN 38016

Honorable Bernice Donald
US DISTRICT COURT