IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

NATASHA T. ANDERSON and )
SHIRELLE HUMPHREYS, )
 )
    Plaintiffs, )
 ) No. 04-2548 D/P
v. )
 )
DILLARD'S, INC., )
 )
    Defendant. )

_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANT'S REQUEST FOR CLARIFICATION OF STIPULATION AND PROTECTIVE ORDER**
_____

Before the court by order of reference is the Motion to Compel Discovery filed by plaintiffs Natasha T. Anderson and Shirelle Humphreys. (D.E. 132). In its response in opposition, defendant Dillard's, Inc. requests that the court enter an order clarifying the Stipulation and Protective Order entered on February 6, 2007, in this case. For the reasons below, the motion to compel is GRANTED in part and DENIED in part. The request for clarification is DENIED.

**I.  BACKGROUND**

This motion arises from an action alleging claims of negligence, false imprisonment, intentional infliction of emotional distress, and violations of 42 U.S.C. §§ 1981 and 1983. The plaintiffs claim that on May 27, 2004, they were unlawfully

detained for suspected shoplifting while shopping at the Dillard's store located in the Oak Court Mall in Memphis, Tennessee (the "Oak Court Dillard's"). They allege that they were shopping in the housewares department when Rita Jones, a sales associate, called security on the plaintiffs. Dillard's claims that Jones called security because Humphreys was seen pushing a comforter along the floor toward a store exit. Subsequently, Officer Jim Goode, a uniformed, armed security officer, approached the plaintiffs, asked what was going on, and stated that he was going to search them. When the plaintiffs tried to leave the store, Officer Goode reached towards his gun and said, "You're not going anywhere until I get to the bottom of this!" The plaintiffs asked to speak to a manager, and Natalie Fletcher, a cosmetics manager, approached the group and apologized to the plaintiffs. Officer Goode, however, told plaintiffs that if they did not leave the store, he would take them to jail for disorderly conduct. The plaintiffs then left the store. Anderson later spoke to "Kevin," a manager at the Oak Court Dillard's, on the telephone to discuss the incident. She asked that her call be considered a complaint and that Dillard's investigate the incident. She claims that Kevin would not respond to her requests and terminated the call.

In their motion to compel, the plaintiffs ask the court to order Dillard's to produce documents responsive to Requests for Production 10, 14, 18, 31, 34, 38, 40, 48, and 50. Dillard's

raises a number of objections to each of these requests, and further requests that the court enter an order clarifying the Stipulation and Protective Order entered in this case regarding the treatment of confidential documents.

## II. ANALYSIS

### A. Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevancy for discovery purposes is construed broadly. Discoverable evidence need not be admissible at trial; rather, material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Id. "Nevertheless, discovery does have 'ultimate and necessary boundaries,'" Miller v. Fed. Express Corp., 186 F.R.D. 376, 383 (W.D. Tenn. 1999) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)), "and 'it is well established that the scope of discovery is within the sound discretion of the trial court.'" Id. (quoting Coleman v. Am. Red Cross, 23 F.3d 1091, 1096 (6th Cir. 1994)). A court need not compel discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii).

Once an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the

requests are relevant to the claims or defenses in the pending action. <u>Allen v. Howmedica Leibinger</u>, 190 F.R.D. 518, 522 (W.D. Tenn. 1999). If that party demonstrates relevancy, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules. <u>United Oil Co. v. Parts Assocs., Inc.</u>, 227 F.R.D. 404 at 411 (D. Md. 2005); <u>MJS Janitorial v. Kimco Corp.</u>, No. 03-2102, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004); <u>see also</u> Fed. R. Civ. P. 26(b)(2)(i), (iii).

**B. Discovery Requests**

> <u>Request for Production 10:</u> Please produce full and complete copies of all memoranda or correspondence discussing employee training and/or re-training in connection with incidents of detention, false imprisonment, photographing, banning, trespassing, handcuffing, arrest and prosecution at the store where Plaintiff's incident occurred.

The court finds that this information, which is limited to training applicable to employees at the Oak Court Dillard's location, is relevant to plaintiffs' claims and is reasonably calculated to lead to the discovery of admissible evidence under Rule 26, so long as the request is limited to the training during the time period of the incident at issue in this litigation. Therefore, the court grants plaintiffs' motion to compel with respect to Request for Production 10, but limits the request to information pertaining to employee training during 2002, 2003, and

2004 at the Oak Court Dillard's.[1]

> Request for Production 14: Please produce full and complete copies of the security files for the store where Plaintiff's incident occurred that were gathered up, stored and/or provided to headquarters in response to Paul Schroeder's 1998 and 2000 memos requesting that this occur.

In addition to this request, plaintiffs served Dillard's with a second request for production that asked for security files at all of Dillard's stores in Arkansas and Tennessee. Plaintiffs state in their motion that Dillard's has produced these security files with respect to the Oak Court Dillard's but that Dillard's has refused to produce the records for its other stores in Tennessee and Arkansas. The court finds that discovery for all stores in Arkansas and Tennessee is overbroad, unduly burdensome, and would not likely lead to the discovery of admissible evidence. Instead, the court will limit the production of these security files to all Dillard's stores located in Shelby County, Tennessee, for the period 2002, 2003, and 2004. Therefore, the court grants in part and denies in part plaintiffs' motion to compel with respect to Request for Production 14.

---

[1] Of course, the training-related documents to be produced in response to this document request include documents that relate to training regardless of whether the training was directed specifically to the Oak Court Dillard's or to all Dillard's stores, so long as the training-related documents applied to employees at the Oak Court Dillard's store. In other words, Dillard's may not refuse to produce training-related documents on the grounds that the training was not directed specifically or solely at the Oak Court Dillard's.

-5-

> Request for Production 18: Please produce full and complete copies of each memo, electronic mail transmission, video, DVD, CDROM, note, letter and/or document instructing and/or advising employees and/or security personnel at the store where Plaintiff's incident occurred to **not** record or document the ethnicity or race of patrons involved in security contacts at Dillard's.

In its response, Dillard's states that "there is no responsive material specific to the store where Plaintiffs' incident occurred. Moreover, to the extent responsive material exists on a non store-specific basis, Plaintiff is already in possession of it." Based on Dillard's representation to the court that documents responsive to this request either do not exist or have already been produced to plaintiffs, the motion to compel with respect to this request is denied.[2]

> Request for Production 31: Please produce full and complete copies, including attachments and exhibits, of each study, survey, electronic mail transmission, correspondence, memoranda and/or written instruction pertaining to the use, destruction, retention and/or
maintaining of security notebooks, security logs, security officer notes, daily activity reports, loss prevention reports, security files, banning notices, trespass warnings, customer photographs, non-arrest activity narratives, pass-on books and/or officer notebooks.

---

[2]It is apparent from the parties' briefs that plaintiffs and/or their counsel have in their possession documents obtained from discovery in other litigation against Dillard's, and Dillard's has taken the position in this case that because plaintiffs already have many of these documents, the court should deny the motion to compel with respect to the previously produced documents. Thus, at least for purposes of discovery, the plaintiffs shall be entitled to use these documents in the present case. However, whether these documents may be admissible at trial is a separate issue and is not presently before this court on the motion to compel.

Dillard's states in its response brief that the request is overly broad and unduly burdensome as drafted. As an initial matter, the court finds that the request seeks relevant information, in that the information may shed light on Dillard's attempt to gather all records that may show targeting of Dillard's customers on an improper basis. With respect to Dillard's objection, "the party resisting discovery bears the burden of establishing . . . [the request] is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); see also Clark Constr. Group, Inc. v. City of Memphis, No. 01-2780, 2005 U.S. Dist. LEXIS 5559, at *9 (W.D. Tenn. Feb. 9, 2005). A general statement that discovery is unduly burdensome, without more, is simply not enough to prohibit discovery of otherwise relevant information. Here, Dillard's has only provided the court with a general statement that the discovery is overly broad and unduly burdensome, which by itself is insufficient to deny discovery. Nevertheless, the court will limit the discovery request to documents relating to the Oak Court Dillard's store during 2002, 2003, and 2004, and will grant the motion to compel with respect to this request as modified by the court.

> Request for Production 34: Please produce a full and complete copy of the lawsuit, claim and security file lists maintained by Debbie Dynek and identified by Debbie Dynek in her May 28, 2003 Frazier, et al. v. Dillard's

Inc., et al., deposition.

> Request for Production 38: Please produce a full and complete copy of all lawsuit and/or claims lists created by Jody Styles.

As discussed by the parties in their briefs, these lists of other lawsuits were previously produced by Dillard's in redacted form in other litigation involving Dillard's. Therefore, the court orders Dillard's to produce the lists in Requests for Production 34 and 38 in redacted form, including only the case names, styles, and jurisdictions.

> Request for Production 40: Please produce full and complete copies of all meeting minutes, meeting notes, memoranda, e-mails and/or correspondence discussing the hiring and/or employment of off-duty law enforcement officers as security officers at the store where Plaintiff's incident occurred.

The court finds that this information is relevant and reasonably calculated to lead to the discovery of admissible evidence under Rule 26, to the extent the time period is limited to the events at issue in this litigation. Therefore, the court orders Dillard's to produce information responsive to Request for Production 40 to the extent it pertains to the Oak Court Dillard's for the period 2002, 2003, and 2004.

> Request for Production 48: Please produce all shopper, customer and trade area demographic data and/or reports including but not limited to, population, household, gender, race and ethnicity, age, household income, and education, collected, compiled, purchased, reviewed, received and analyzed for the [Oak Court Dillard's and Dillard's stores in Arkansas and Tennessee].

> Request for Product 50: Please produce full and complete

copies of all documents pertaining to any Mystery Shopper
Program, survey, and/or study conducted, paid for and/or
received by Defendant [for the Oak Court Dillard's].

Dillard's states in its response to plaintiffs' motion to compel that it does not possess any documents responsive to these discovery requests as modified by plaintiffs. Dillard's further states that the mystery shopper program ended in 2003 – before the plaintiffs' incident in May of 2004 – and that the records from that program were destroyed at the conclusion of the program. Based on Dillard's response, the motion with respect to requests 48 and 50 is denied.

**C.   Clarification of Stipulation and Protective Order**

Finally, Dillard's requests that the court enter an order clarifying the Stipulation and Protective Order entered in this case on February 6, 2007. The court agrees with plaintiffs that Dillard's may designate any documents or information as confidential that it believes warrants such designation. If plaintiffs disagree with the confidential designation, the protective order provides for a procedure for challenging such designation. Therefore, the court denies Dillard's request for a clarifying order.

### III.   CONCLUSION

For the reasons above, the motion to compel is GRANTED in part and DENIED in part. To the extent the motion is granted, Dillard's shall produce all responsive documents as set forth above within

seven (7) business days from the entry of this order.  Dillard's request for clarification of the Stipulation and Protective Order is DENIED.

    IT IS SO ORDERED.

|  |
|---|
| s/ Tu M. Pham |
| TU M. PHAM |
| United States Magistrate Judge |

|  |
|---|
| May 14, 2008 |
| Date |